## STATE OF NEW JERSEY v. JOSEPH H. SWEETEN.

Submitted July 5, 1912—Decided November 30, 1912.

An indictment for perjury will not be quashed upon the ground that the alleged false testimony "was not material to the investigation of the complaint by the grand jury," when it avers in effect (1) that the grand inquest in and for the county of Camden was investigating the alleged misconduct of the board of excise commissioners of the city of Camden in corruptly refusing to grant a license to sell intoxicating liquors to one Leon Miller; (2) that during such investigation it appeared that Miller had held a license for three years then last past, and had never violated any law or ordinance relating to the sale of intoxicating liquors; (3) that the question then became material whether any legal and sufficient reason existed for such refusal, and (4) that the defendant appeared before the grand jury and was duly sworn as a witness and willfully, corruptly, falsely and knowingly testified, among other things, that Miller, while holding a license, continually opened his place of business before five o'clock in the morning, contrary to an ordinance of the board of excise·commissioners.

On writ of *certiorari* to review an indictment for perjury. Heard on motion to quash.

Before Justices TRENCHARD, PARKER and MINTURN.

For the state, *William T. Boyle.*

For the defendant, *Lewis Starr.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings into this court from the Court of Quarter Sessions of the county of Camden an indictment for perjury, and a motion is now made to quash it.

The main grounds urged for quashing the indictment are—*first,* "that no legal conviction can be predicated upon the indictment or the facts therein alleged," and *second,* that "the questions put to the defendant, which it is alleged he falsely answered, were not material to the investigation

of the complaint by the grand jury as set forth in the indictment.".

The indictment avers in effect—*first,* that the grand inquest in and for the county of Camden was investigating the alleged misconduct of the board of excise commissioners of the city of Camden in corruptly refusing to grant a license to sell intoxicating liquors to Leon Miller; *second,* that during such investigation it appeared that Miller had held a license for three years then last past, and had never violated any law or ordinance relating to the sale of intoxicating liquors; *third,* that the question then became material whether any legal and sufficient reason existed for such refusal, and *fourth,* that the defendant appeared before the grand jury and was duly sworn as a witness, and willfully, corruptly, falsely and knowingly testified, among other things, that Miller, while holding a license, continually opened his place of business before five o'clock in the morning, contrary to an ordinance of the board of excise commissioners.

We are of opinion that the objections urged against the indictment are without merit.

We have had occasion at this term, in *State* v. *Sweeten, ante p.* 364, to point out that, though the excise commissioners of the city of Camden have discretionary power to grant or refuse licenses for the sale of intoxicating liquor, and though discretion means the exercising of the best of their judgment upon the occasion that calls for it, yet if this discretion be *willfully abused* it is criminal, and an indictment will therefore lie against such commissioners who refuse such a license from *corrupt and improper motives.* It follows, therefore, that anything tending to show a corrupt motive in refusing the license to Miller was material to the investigation of the complaint by the grand jury. If Miller had violated the ordinance relating to the sale of intoxicating liquors, it would tend to show that the action of the board in refusing him the license in question was in good faith. If, on the contrary, Miller's conduct in that regard had been blame-

less, it would be a circumstance tending to show a corrupt motive.

Clearly, therefore, the testimony of the defendant to the effect that Miller, while holding his license, continually opened his place of business before five o'clock in the morning, contrary to the ordinance of the board of excise commissioners, was material to the investigation of the complaint by the grand jury.

The motion to quash will be denied, and the indictment will be sent to the Camden Quarter Sessions for trial.